DAVID JONES v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 20 June, 1934.)

APPEAL by defendant from *Alley, J.,* and a jury, at February Term, 1934, of ROCKINGHAM. No error.

This is an action brought by plaintiff against defendant to recover for permanent and total disability on a standard accident policy issued to plaintiff by defendant on which the premiums were paid. The issues submitted to the jury and their answers thereto indicate the controversy, and are as follows: "(1) Did the defendant execute and deliver to the plaintiff, through its duly constituted agent, J. W. Balser, the policy of insurance referred to in the complaint? Answer: Yes. (2) Did the plaintiff in his application for said policy falsely represent that he was not maimed, deformed or crippled in any manner or degree, or affected with any form of bodily or mental disease, disorder, infirmity or impairment, as alleged in the answer? Answer: No. (3) Did the plaintiff in his application for said policy falsely represent that his average weekly income from his then occupation as loom fixer exceed the aggregate amount of single weekly benefits provided for in said

policy, as alleged in the answer? Answer: No. (4) Was the plaintiff induced to surrender said policy, execute the release and accept the check for $217.86 by reason of fraud and undue influence of the defendant, as alleged in the complaint? Answer: Yes. (5) Did the injuries received by the plaintiff on 12 June, 1931, directly and independently of all other causes by violent and accidental means continuously and wholly from 12 June, 1931, to 12 June, 1932, a period of 52 weeks, disable and prevent him from performing any and every kind of duty pertaining to the occupation in which he was engaged at the time of the accident, as alleged in the complaint? Answer: Yes. (6) Did the injury sustained by the plaintiff on 12 June, 1931, directly and independently of all other causes by violent and accidental means from said date up until the commencement of this action on 15 November, 1932, continuously and wholly disable the plaintiff from engaging in any and every occupation or employment for wage or profit, as alleged in the complaint? Answer: Yes. (7) What sum, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,151.84, less $217.86, total $933.98."

The court below rendered judgment for plaintiff on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The necessary facts will be set forth in the opinion.

*W. R. Dalton and Glidewell & Gwyn for plaintiff.*
*Smith, Wharton & Hudgins and Brown & Trotter for defendant.*

PER CURIAM. The defendant issued to plaintiff on 6 March, 1931, a standard accident policy providing for total and permanent disability—the weekly indemnity being $15.00. Plaintiff's occupation was a loom fixer. The premiums were paid by plaintiff in accordance with the terms of the policy.

While working in a mill at Draper, North Carolina, on 12 June, 1931, plaintiff testified, in part, unobjected to: "I got hurt in this way. I stooped over the loom jacking up the harness, the hooking jack stopped under the harness, causing the harness to go up and down, one to go up and the other to come down, causing the warp to divide so the shuttle could go through and make the cloth, and while I was stooped over the reed, the cap fell and struck me on the back of the head at the base of the skull and knocked my face against the race plate of the loom and causing a bruise to this side of my face and left three cuts around my right eye and caused my face to be inflamed and swollen and caused a knot on the back of my head where it struck me, and also hurt my back and lower abdomen, which caused me a great deal of suffering and

pain. My spine was injured, caused a deformity of the spinal column, caused them to decay. The muscles also left my abdomen pendulous. The injury caused me to sway in my back; couldn't raise up in my back. It was 27 months before I could get any relief."

Dr. Wilson, a witness for plaintiff, testified in part, unobjected to: "I am a practicing physician and a graduate of Medical College of Virginia, Richmond, Va. I have been practicing since 1907. I have had occasion to attend plaintiff. I first saw him in February, 1932, at Draper, North Carolina. At that time I found him in a very critical condition, suffering very severe back strain and dislocation forward of the lumbar vertebra. The vertebra was overriding one another, instead of being a direct support of the body like that (witness illustrates the position). The vertebra had slid forward, dislocated forward, like that, so he gets no support from the spine, which is the main support of the body; had no support of the body by the spine at all. He was in a marked spasmodic condition and tension of the muscles and tendons. His support of the body was all muscles and tendons, like guy ropes inside the spine. He was suffering a great deal of the time, suffering all the time, and his condition is a condition known as spondylitis. That is a forward displacement of the vertebra in the lower back forward with consequent contraction of the pelvis. That has a tendency to push the bowels and stomach down causing the pendulous condition, commonly known as dropping down of the stomach and bowels, known as enteroptosis. I have seen him off and on ever since 1932. He has a permanent and total disability. He has been that way ever since I saw him the first time in February, 1932."

There was other evidence direct and circumstantial, corroborating the above witnesses. There was evidence on the part of defendant to the contrary. The plaintiff tendered back the $217.86. The defendant denied that plaintiff's injury on 12 June, 1931, brought on the trouble in his back and abdomen—his present total and permanent disability, as contended by him. There was no causal connection between the two. A release was set up by defendant, the plaintiff contended that it was procured by fraud and under influence. The defendant also set up that false statements as to material facts in the application, vitiated the policy. Defendant denied these allegations and also contended that they were waived. The defendant contended that the nonexpert witnesses were incompetent. This contention cannot be sustained. *S. v. Stefanoff,* *ante,* 443. That the court below violated C. S., 564 as to expressing an opinion. The defendant contended that there was not sufficient competent evidence to be submitted to the jury on any aspect of the case. Numerous exceptions and assignments were made by defendant to the admission and exclusion of evidence, the charge of the court below

and motions made to strike out answers of witnesses. Taken in the light most favorable to plaintiff, we think there was sufficient, competent evidence to be submitted to the jury on all the controverted issues. There was no contention by defendant that the issues submitted were not determinative of the controversy, nor did defendant submit any other issues. The court below in a logical, exhaustive charge, gave the contentions of the litigants fairly. The court below took the issues up *seriatim,* set forth the facts bearing on each issue and charged the law applicable to the facts and quoted frequently the decisions of this Court on the controverted legal questions involved. We have examined the record and the learned and exhaustive briefs of the litigants and we think none of the exceptions and assignments of error taken by defendant, constitute prejudicial or reversible error. The questions involved were mostly of fact, to be determined by a jury and not by us. The questions of law involved in this controversy are not new or novel, but well settled by this Court. In the judgment of the court below, we find

No error.

SCHENCK, J., took no part in the consideration or decision of this case.